981 F.2d 1252
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Mario Alonso MARQUEZ-RAMOS, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Michael Anthony SANTORO, Defendant-Appellant.
 Nos. 91-5198, 92-5001.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 25, 1992
Decided: December 28, 1992
 
 Appeals from the United States District Court for the Middle District of North Carolina, at Winston-Salem. Norwood Carlton Tilley, Jr., District Judge. (CR-91-155-WS)
 Joseph Sib Abraham, Jr., El Paso, Texas; Thomas H. Johnson, Greensboro, North Carolina, for Appellants.
 Robert H. Edmunds, Jr., United States Attorney, David B. Smith, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 No. 91-5198 DISMISSED, No. 92-5001 AFFIRMED.
 Before WIDENER, NIEMEYER, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Mario Alonso Marquez-Ramos, a federal prisoner, and Michael Anthony Santoro, a North Carolina prisoner, appeal their convictions by a jury for conspiracy to attempt Marquez-Ramos's escape from federal custody, in violation of 18 U.S.C. § 371 (1988) and 18 U.S.C.A. § 751(a) (West Supp. 1992). Subsequent to briefing, Marquez-Ramos filed a motion to voluntarily dismiss his appeal, pursuant to Fed. R. App. P. 42(b). Santoro argues that the district court erred in denying his acquittal motion at the close of the government's case. We find no merit in Santoro's appeal and, therefore, affirm his conviction.
 
 
 2
 In July 1991 both Defendants were being held in the Stokes County Jail in North Carolina. On July 8, Santoro told a jailer, Deputy William Fischer, that Fischer could make a lot of money helping Marquez-Ramos escape. On July 14, Marquez-Ramos told Fischer that he (Marquez-Ramos) needed to get out of jail and would do anything to escape. Fischer asked for money in return and reported both conversations to his supervisor or to a U.S. Marshal.
 
 
 3
 Subsequent events led to the indictment of the Defendants. They were convicted after a two-day jury trial during which they did not present a defense. Marquez-Ramos was sentenced to eighteen months in prison, to be served at the expiration of his present sentence, with a subsequent transfer to the Immigration and Naturalization Service for deportation. Santoro was sentenced to fifty-eight months in prison and three years of supervised release.
 
 
 4
 Santoro raises as his sole issue on appeal whether the district court erred in denying his motion for acquittal at the close of the government's case. Evidence is sufficient to convict if, when viewed in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979).
 
 
 5
 To prove a conspiracy under 18 U.S.C. § 371, the Government must prove an agreement between two or more individuals to act together and an overt act in furtherance of the conspiracy. United States v. Chorman, 910 F.2d 102, 109 (4th Cir. 1990). A tacit or mutual understanding is sufficient to show the agreement, but the Government must show the defendant knew the purpose of the conspiracy and took some action showing he was a participant in the conspiracy. Id. The Government does not need to prove each conspirator knew all the details of the conspiracy, but only that the defendant participated knowing the essential nature of the plan. United States v. Barnes, 747 F.2d 246, 249 (4th Cir. 1984). Even a "slight connection" to a proved conspiracy is sufficient for conviction. Chorman, 910 F.2d at 109.
 
 
 6
 Here, Santoro told Fischer on July 8 that Fischer was "working for the wrong side" and could make a lot of money helping MarquezRamos escape. Santoro told Fischer he could make $50,000 to $100,000 "easy" and said Fischer could have $100 to $200 "right now, if you want it." Fischer testified that Santoro told him during this meeting that Santoro was getting paid to set up Marquez Ramos's escape. Santoro also told Fischer on July 8, before Fischer spoke with the other Defendant, that Fischer would have to travel to El Paso, Texas, to deal with Marquez-Ramos's brother, Hector, about money and other matters.
 
 
 7
 Though Santoro never paid Fischer any money, the jury heard Robin Gray, the jail administrator, testify that Santoro received a $500 deposit in his inmate account on July 10 and had the money to make good on his offer to Fischer. Fischer also testified that MarquezRamos brought up Santoro's name during their July 14 conversation.
 
 
 8
 Each member of a conspiracy can be charged with acts done by another conspirator in furtherance of the conspiracy. United States v. Wechsler, 392 F.2d 344, 347 (4th Cir.), cert. denied, 392 U.S. 932 (1968). Marquez-Ramos's purchase of an airline ticket for Fischer to fly to Texas suffices as an overt act undertaken by one conspirator in furtherance of the conspiracy.
 
 
 9
 The district judge clearly had enough evidence of both a conspiracy and of Santoro's participation to deny Santoro's acquittal motion before submitting the case to the jury. Santoro cites a Seventh Circuit case for the proposition that a defendant's "mere knowledge of, approval of, association with, or presence at a conspiracy is insufficient to establish" participation. United States v. Durrive, 902 F.2d 1221, 1225 (7th Cir. 1990). The Government's evidence established Santoro's participation and met this Court's standards set out in Chorman and Barnes.
 
 
 10
 Finding no error in the issue Santoro raised, we affirm his conviction and grant Marquez-Ramos's motion to dismiss his appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 No. 91-5198-DISMISSED
 No. 92-5001-AFFIRMED